ESTATE OF JAMES F. LEWIS, JR., Deceased, JAMES F. LEWIS, III and FRANK APPLEBY, Co-Executors, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent; ESTATE OF ROSEMARY R. LEWIS, Deceased, FRANK APPLEBY, Successor Personal Representative, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Lewis v. Commissioner
Docket Nos. 26501-87, 26502-87.
United States Tax Court
T.C. Memo 1988-36; 1988 Tax Ct. Memo LEXIS 37; 55 T.C.M. (CCH) 22; T.C.M. (RIA) 88036; February 3, 1988. Aubrey J. Owen, for the petitioners. Craig A. Etter, for the respondent. POWELL
MEMORANDUM FINDINGS OF FACT AND OPINION POWELL, Special Trial Judge:[1] These cases are before the Court on petitioners' motions to dismiss. The issues before the Court are (1) whether respondent mailed notices of deficiency to petitioners and (2) whether, assuming notices were mailed, the notices were timely. The facts are not in dispute and are as follows. FINDINGS OF FACT At some point in time, James F. and Rosemary R. Lewis and/or their representatives each executed a Special Consent to Extend the Time to Assess Tax (herein referred to as Form 872-A) [2] whereby petitioners agreed to extend the period within which respondent may assess deficiencies *39 for the taxable years 1976 through 1980. These extensions terminated 90 days after, inter alia, "the Internal Revenue Service office considering the cases receives Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax, from the taxpayer(s)." James F. Lewis, Jr. died on July 23, 1982, and on August 11, 1982, James F. Lewis, III and Frank M. Appleby were appointed "to act as Personal Representatives of the Estate of James F. Lewis, Jr." Rosemary R. Lewis died on November 9, 1981, and James F. Lewis, Jr. initially was appointed as her personal representative. After his death, Frank M. Appleby was appointed "to act as Personal Representative of the Estate of Rosemary R. Lewis." On February 5, 1987, the Appeals Office of the Internal Revenue Service, Richmond, Virginia, the office considering the cases, received a Notice Concerning Fiduciary Relationship from James F. Lewis, III for James F. Lewis Jr. (Deceased) and from Frank M. Appleby for Rosemary R. Lewis (Deceased). On the same day *40 that office also received a Form 872-T, Notice of Termination of Special Consent to Extend the Time to Assess Tax executed by James F. Lewis, III and Frank M. Appleby, as Executors, for James F. Lewis, Jr. and Rosemary R. Lewis. On the 90th day after receipt of the Form 872-T (May 6, 1987), respondent issued a notice of deficiency to the "Estates of James F. Lewis, Jr. and Rosemary R. Lewis" for the years 1977 through 1980. The notice was mailed to the respective executors at the addresses provided in the Notice(s) Concerning Fiduciary Relationship. Timely petitions were thereafter filed in the names of James F. Lewis, Jr. (Deceased) and Rosemary R. Lewis (Deceased). The Court thereafter changed the captions to Estate of James F. Lewis, Jr., Deceased, James F. Lewis, III and Frank Appleby, Co-Executors and Estate of Rosemary R. Lewis, Deceased, Frank Appleby, Successor Personal Representative. Petitioners' motions to dismiss are based on two separate arguments. First, they argue that the notices were improperly addressed to the estates. Second, they contend that the time within which the notices may be issued had expired. For the reasons set forth below, we reject both arguments. *41 OPINION Addresses of the Notices
Section 6212(a) [3] authorizes respondent to send a notice of deficiency "to the taxpayer." The notice is effective if mailed to the last known address of the taxpayer unless a notice of fiduciary relationship has been filed. Sec. 6212(b)(1). Notices of fiduciary relationship were filed and the notices of deficiency were mailed to the fiduciaries at their proper addresses. Petitioners contend, however, that the estates of James F. Lewis, Jr. and Rosemary R. Lewis are separate and distinct from James F. Lewis, Jr. (deceased) and Rosemary R. Lewis (deceased) and the taxpayers to whom the notices of deficiency pertained were the latter. Accordingly, since the notices were sent to the estates, they were not effective. We are willing to assume (but do not decide) that the notices should have been sent to James F. Lewis, Jr. (deceased) and Rosemary R. Lewis (deceased). While it is true that in , we arguably took a narrow *42 view of the word "taxpayer" as used in the statutory antecedents of sections 6212(a) and (b)(1) that would support petitioners' arguments, that view has not withstood the test of time. ; ; , cert. denied . Rather, we have adopted the view that if the fiduciary receives the notice and the notice fairly advises that the Commissioner intends to assess a liability for income taxes for certain years, the notice is sufficient. . See also and cases cited therein. There is no question here that the notices accomplished the role, and whatever technical differences there may be between the Estate of James F. Lewis, Jr. (or the Estate of Rosemary R. Lewis) and James F. Lewis, Jr. (deceaseed) or Rosemary R. Lewis (deceased), those differences are without substance here. See ; *43 . Timeliness of notices of deficiency
The second issue is petitioners' contention that the assessment of a deficiency was barred when the notices of deficiency were mailed. Section 6501(a) provides the general rule that income tax shall be assessed within three years from the later of the date that a return should have been filed or the date the return was filed. Section 6501(c)(4), however, provides that the period of limitation for assessment may be extended if the taxpayer and the Commissioner "have consented in writing to its assessment after such time." Petitioners do not dispute that there was such a consent. Nonetheless, they contend that the 90-day period commences to run on the day that the Form 870-T was mailed (February 2, 1987), and, therefore, the notices of deficiency were issued outside of the 90-day period as provided in the Forms 872-A. To reach this result petitioners seek to superimpose the provisions of section 7502 on the language used in the Form 872-A. Section 7502(a)(1) provides that for "any return, claim statement, or other document required to be filed * * * under authority *44 of any provision of the internal revenue laws" timely mailing is treated as timely filing. We recently considered this issue in and held that the date of receipt was controlling for the purposes of Form 872-A. Petitioners contend, however, that we did not consider the application of section 7502 in Brown. We do not believe that section 7502 directs a different result. By its terms section 7502 applies to documents required to be filled by any internal revenue laws. Petitioners do not point to (and we are unaware of) any statutory provision that requires a Form 872-T be filed. Rather, both Forms 872-A and 872-T are creatures of agreements between taxpayers and respondent. See . We do not believe it would be appropriate to superimpose section 7502 on the literal language of thoe agreements. An appropriate order will be entered.
Footnotes
1. These cases were assigned pursuant to the provisions of section 7456(d) (redesignated as section 7443A(b) by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. ↩
2. The Forms 872-A are not a part of the record; the parties, however, agree that the forms were properly executed and that the parties were bound by the terms. ↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, and as in effect at the time of the issuance of the notice of deficiency. ↩